**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Abdulamir Al-Asadi, an individual, | No. CV-09-47-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| City of Phoenix, a municipality; Clint Crockett, Kane Kimble, and Robert Metrick, in their individual capacities as officers with the City of Phoenix Police Department, | |
| Defendants. | |

The Court held a discovery conference call with the parties on February 5, 2010. The Court directed the parties to file memoranda on the question of whether defense counsel should be prohibited from engaging in ex parte communications with firefighters and paramedics in advance of their depositions. Dkt. #72. Having considered the memoranda (Dkt. ## 74, 80), the Court rules in favor of Defendants.

## I. The Physician-Patient Privilege.

Plaintiff contends that his contacts with paramedics in this case are protected by Arizona's physician-patient privilege. The privilege is a creature of statute, A.R.S. § 12-2235. Because there was no such privilege at common law, *see State v. Morales*, 824 P.2d 756, 759 (Ariz. Ct. App. 1991), and because the privilege impedes the truth-finding function of the courts, *see Carondelet Health Network v. Miller*, 212 P.3d 952, 954 (Ariz. Ct. App. 2009), the statute must be "strictly construed." *Id.*

Section 12-2235 provides that "a physician or surgeon shall not, without the consent of his patient, . . . be examined as to any communication made by his patient with reference to any physical or mental disease or disorder . . . or as to any such knowledge obtained by personal examination of the patient." A.R.S. § 12-2335. To be privileged, information must be acquired by the physician or surgeon in a consultation with the patient under circumstances in which "it is intended that the communication be private and confidential." *State v. Beaty*, 762 P.2d 519, 526 (Ariz. 1988).

Defendants argue that the privilege does not apply in this case because the evaluation of Plaintiff took place in the presence of third parties, namely, police officers, apartment security guards, Plaintiff's former girlfriend, and the alleged assailant. Dkt. #74 at 3. Plaintiff has presented no evidence to the contrary. *See* Dkt. #80. "'When third parties are casually present their very presence neutralizes the confidential character of the [evaluation] and the privilege should not attach.'" *Beaty*, 762 P.2d at 527 (citation omitted); *see Benton v. Super. Ct.*, 897 P.2d 1352, 1355 (Ariz. Ct. App. 1995) ("The privilege is not applicable if third parties are present to hear what a patient tells the doctor."). Because Plaintiff has not shown that his communications with the paramedics were confidential, the physician-patient privilege does not apply and does not bar defense counsel from meeting with the paramedics prior to their depositions.

Plaintiff cites *Duquette v. Superior Court*, 778 P.2d 634 (Ariz. Ct. App. 1989), for the proposition that an implied waiver of the privilege, based on the fact of bringing suit, does not make *ex parte* contacts permissible. Dkt. #80 at 5. But Plaintiff has not shown that the privilege attaches in the first instance. The issue of implied waiver, therefore, is not relevant.

**II.     The Health Insurance Portability and Accountability Act of 1996 ("HIPAA").**

Plaintiff asserts that regulations promulgated under HIPAA, 45 C.F.R. § 164.512(e), prohibit *ex parte* contacts with covered health care providers. Dkt. #80 at 4-5. But Plaintiff has not shown that the Phoenix Fire Department qualifies as a covered entity under HIPAA. A covered entity is defined in pertinent part as "[a] health care provider who transmits any health information in electronic form in connection with a transaction covered by this

subchapter." 45 C.F.R. § 160.103. A "transaction" is defined as "the transmission of information between two parties to carry out financial or administrative activities related to health care." *Id.* There is no evidence that the Phoenix Fire Department participates in covered transactions. Plaintiff has not shown that HIPAA prohibits defense counsel from meeting with the paramedics prior to their depositions.

**III. Conclusion.**

Plaintiff has brought suit against the City of Phoenix and three Phoenix police officers. Counsel for the City wishes to interview City employees in advance of their depositions. Plaintiff has not shown that the interviews may take place only in the presence of Plaintiff's counsel.

**IT IS THEREFORE ORDERED** that Defendants are not prohibited from engaging in *ex parte* communications with firefighters and paramedics prior to their depositions.

DATED this 24th day of February, 2010.

_____
David G. Campbell
United States District Judge