**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Abdulamir Al-Asadi, an individual, | No. CV-09-47-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| City of Phoenix, a municipality; and Clint Crockett, Kane Kimble, and Robert Metrick, in their individual capacities and as officers with the City of Phoenix Police Department, | |
| Defendants. | |

Plaintiff filed suit against the City of Phoenix and three of its police officers. The amended complaint asserts six claims: negligence, false arrest and imprisonment, assault and battery, intentional infliction of emotional distress, malicious prosecution, and civil rights violations under 42 U.S.C. § 1983. Doc. 1-1 at 12-19. In its summary judgment order dated August 27, 2010 (Doc. 129), the Court found the City immune from liability under A.R.S. § 12-820.05 on the claims for false arrest and imprisonment, assault and battery, and intentional infliction of emotional distress (*id.* at 8-10).

On September 2, 2010, counsel for Plaintiff, Joel Robbins, sent a letter concerning the Court's summary judgment ruling to Michael Napier, counsel for various law enforcement organizations, including the Phoenix Law Enforcement Association ("PLEA"). Doc. 134-1 at 3-5. The letter sought to make Mr. Napier aware a "recent trend in police abuse of force

1   cases against the City of Phoenix" in which "the City is now maintaining that is has no
2   obligation to indemnify its officers for claims of excessive use of force." *Id.* at 3. The letter
3   expresses Mr. Robbins' disagreement with this Court's summary judgment ruling under
4   A.R.S. § 12-820.05, and closes as follows (*id.* at 5):

> As I understand the City's contention (and Judge Campbell's ruling), each individual Phoenix police officer will be individually responsible for satisfying any judgment resulting from an excessive use of force, regardless of whether the use of force was done strictly within the officers' scope and course of employment. I find this contention troubling, and thought it might be of concern to you and your clients.

9   Claiming that the letter constitutes an impermissible *ex parte* contact and otherwise
10  is unethical, Defendant Crockett and his counsel have filed a motion for sanctions against
11  Mr. Robbins pursuant to Local Rule of Civil Procedure 83.2 and the Arizona Rules of
12  Professional Conduct, Ariz. R. Sup. Ct. 42 ("Ethical Rules" or "ER"). Doc. 133. The
13  motion is fully briefed. Docs. 134, 135. For reasons that follow, the motion will be denied.[1]
14  Local Rule 83.2 governs attorney discipline in this Court. That rule provides that the
15  Arizona Rules of Professional Conduct shall apply to attorneys authorized to practice before
16  the Court. LRCiv 83.2(e). Under Ethical Rule 8.4, it is professional misconduct for a lawyer
17  to "violate or attempt to violate the Rules of Professional Conduct[.]" ER 8.4(a).
18  Defendant asserts that Mr. Robbins has violated Ethical Rules 4.2 and 4.4(a). Doc.
19  133 at 6-8. Recognizing that disqualification would be severe discipline, Defendant "instead
20  requests that a monetary sanction be imposed against attorney Robbins, in an amount to be
21  determined by this Court, with the purpose of deterring him from committing similar ethical
22  violations in the future." *Id.* at 9.
23  As an initial matter, it is not clear that Defendant has standing to enforce the Rules of
24  Professional Conduct in this civil action. Those rules "are designed to provide guidance to
25  lawyers and to provide a structure for regulating conduct through disciplinary agencies."

---

[1] Mr. Robbins' request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

1 Ariz. R. Sup. Ct. 42, Preamble to Rules of Professional Conduct.  "The fact that a Rule is a
2 just basis for a lawyer's self-assessment, or for sanctioning a lawyer under the administration
3 of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or
4 transaction has standing to seek enforcement of a Rule."  *Id.*; *see In re Adoption of M.M.H.*,
5 981 A.2d 261, 273 (Pa. Super. Ct. 2009) ("The Rules of Professional Conduct do not carry
6 the force of substantive law, nor do they broaden an attorney's duties in civil legal
7 proceedings; instead, they are a basis upon which to sanction a lawyer through the
8 disciplinary process."); *Shamberg, Johnson & Bergman, CHTD, v. Oliver*, 220 P.3d 333, 340
9 (Kan. 2009) ("[W]hen [defendant] discovered what he perceived to be a rule violation by
10 [plaintiff] his duty as an attorney was to inform the appropriate professional authority.  He
11 should not have sought standing to enforce the disciplinary rules as a procedural weapon to
12 prevail in a civil action.") (citation omitted); *Smith v. Bateman Graham, P.A.*, 680 So.2d 497,
13 499 (Fla. Dist. Ct. App. 1996) (granting motion to dissolve injunction issued on finding of
14 ethical rule violation where the plaintiff "lacked standing to enforce those rules of ethics
15 against [defendant]").  Mr. Robbins does not raise the standing issue and the parties have not
16 briefed it.  The Court concludes, however, that it need not determine Defendant's standing
17 because the motion for sanctions must be denied even if the Rules of Professional Conduct
18 can be enforced in this civil action.  Alleged violations of those rules "shall be established
19 by clear and convincing evidence."  Ariz. R. Sup. Ct. 48(d); *see Rosenthal v. Justices of the*
20 *Sup. Ct. of Cal.*, 910 F.2d 561, 564 (9th Cir. 1990).  Defendant has not met this burden.

21 **A.    Ethical Rule 4.2.**

22 Rule 4.2 provides that in "representing a client, a lawyer shall not communicate about
23 the subject of the representation with a party the lawyer knows to be represented by another
24 lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized
25 by law to do so."  ER 4.2.  Defendant claims that "[b]y sending [the] letter to PLEA's
26 counsel, with the express statement that he 'thought it might be of concern to you and your
27 clients,' attorney Robbins knew that he was effectively sending the letter to the Defendant
28 officers and was improperly providing legal advice to them."  Doc. 133 at 5.  Mr. Robbins

argues that no violation of Ethical Rule 4.2 has occurred. The Court agrees.

Mr. Robbins notes, correctly, that he sent the letter not to Defendants, but to an attorney who represents law enforcement organizations. He further states that those organizations have a direct interest in the City's legal contentions and this Court's rulings, and that the sole purpose of the letter was to provide information and solicit collegial advice. Doc. 134 at 9. Mr. Napier states that at no time during any of his conversations with Mr. Robbins did he suggest that Mr. Napier communicate with a defendant in this suit. Doc. 134-2 at 77, ¶ 6. He further states that when he sought permission to publish the letter on the PLEA website, Mr. Robbins requested that all references to ongoing cases be removed. *Id.* at 78, ¶ 9. Defendant offers no evidence to the contrary. The Court cannot conclude by clear and convincing evidence that Mr. Robbins has communicated with Defendants in violation of Ethical Rule 4.2.

Moreover, Rule 4.2's prohibition against communication with a represented party "is intended to prevent unprincipled attorneys from exploiting the disparity in legal skills between attorneys and lay people, (2) preserve the integrity of the attorney-client relationship, (3) help prevent the inadvertent disclosure of privileged information, and (4) facilitate settlement." *Lang v. Super. Ct., County of Maricopa*, 826 P.2d 1228, 1231 (Ariz. Ct. App. 1992). Defendants' exposure to the letter at issue does not impugn any of those concerns.

**B.     Ethical Rule 4.4(a).**

Rule 4.4(a) provides that "[i]n representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden any other person[.]" ER 4.4(a). Counsel for Defendants, Lori Berke and Jody Corbett, claim that Mr. Robbins has violated Rule 4.4(a) "by sending a letter with no purpose other than that of embarrassment and delay to undersigned counsel and their clients." Doc. 133 at 7. But counsel does not explain how the letter has caused embarrassment, nor have they shown any delay in the litigation of this case. Counsel asserts that PLEA contacted certain officers to pass on the "inaccurate legal advice" in Mr. Robbins' letter, and counsel "was tasked with the

responsibility of correcting the false information[.]" Doc. 133 at 6. Counsel, however, does not explain how this constitutes a violation of Rule 4.4(a).

Moreover, the Court does not find that Mr. Robbins' letter has no legitimate purpose. The records in this case are not sealed. Mr. Robinson may, consistent with the Rules of Professional Conduct, express his interpretation of the law and disagreement with court rulings. *See Standing Comm. on Discipline v. Yagman*, 55 F.3d 1430, 1437 (9th Cir. 1995). Nothing in the letter is different from the positions Mr. Robbins took in opposition to Defendants' summary judgment motion. The Court cannot conclude by clear and convincing evidence that the letter constitutes a violation of Ethical Rule 4.4(a).

**IT IS ORDERED** that Defendant's motion for sanctions against Plaintiff's counsel (Doc. 133) is **denied**.

DATED this 22nd day of December, 2010.

_David G. Campbell_
David G. Campbell
United States District Judge

- 5 -